UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

**WILLIAM R. MOORE and JULIE A. MOORE,**

                            **Plaintiffs**

                              v.                        5:06-CV-42
                                                        (FJS/GJD)

**FOX CHEVROLET, OLDSMOBILE,
CADILLAC, INC.; FOX CHRYSLER,
PLYMOUTH, DODGE, JEEP, INC., doing
business as Fox Honda; FOX IMPORTS,
INC., as Successor in Interest to Fox
Chevrolet, Oldsmobile, Cadillac, Inc.; and
UPSTATE ADMINISTRATIVE
SERVICES, INC.,**

                            **Defendants.**
_____

**APPEARANCES**                                    **OF COUNSEL**

**ALEXANDER LAW OFFICES**          **RALPH S. ALEXANDER, ESQ.**
4867 Onondaga Road
Syracuse, New York 13215-2240
Attorneys for Plaintiffs

**PHILLIPS LYTLE LLP**                   **JAMES R. GRASSO, ESQ.**
3400 HSBC Center
Buffalo, New York 14203-2887
Attorneys for Defendants

**GREENBERG TRAURIG, LLP**          **HENRY M. GREENBERG, ESQ.**
54 State Street
Albany, New York 12207
Attorneys for Defendant Upstate Administrative
Services, Inc.

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

On December 28, 2005, Plaintiffs filed their Complaint in New York State Supreme Court, Onondaga County, asserting five causes of action including common law and ERISA claims. On January 12, 2006, Defendants Fox Chevrolet, Oldsmobile, Cadillac, Inc., Fox Chrysler, Plymouth, Dodge, Jeep, Inc. ("Fox Honda"), and Fox Imports, Inc. (collectively "the Fox Defendants") filed their Notice of Removal in this Court.[1]

The Fox Defendants filed a motion to dismiss Plaintiffs' common law claims on January 17, 2006, and Defendant UAS filed a motion to dismiss all of Plaintiffs' claims on February 21, 2006. On February 22, 2006, the Fox Defendants amended their motion to join in Defendant UAS' arguments that the Court should dismiss all of Plaintiffs' claims. In response to these motions, Plaintiffs filed their Amended Complaint on March 28, 2006, which lacked the common law claims and asserted the following causes of action: (1) a claim to recover benefits pursuant to an ERISA provision in 29 U.S.C. § 1132(a)(1)(b); (2) a claim that the Fox Defendants breached their fiduciary duties under ERISA; and (3) a claim that Defendant UAS breached its fiduciary duties under ERISA. At that time, Plaintiffs also filed a brief statement arguing that the Amended Complaint rendered Defendants' motions moot. However, Plaintiffs did not provide any argument in response to Defendant UAS' arguments concerning the ERISA claims. On April 3, 2006, Defendant UAS affirmed that its previous arguments remained in effect and requested that the Court dismiss Plaintiffs' Amended Complaint.

---

[1] Defendant Upstate Administrative Services, Inc ("UAS") consented to removal on February 21, 2006. *See* Dkt. No. 6.

On May 10, 2006, the Fox Defendants filed a motion to dismiss Plaintiffs' Amended Complaint in its entirety. In response, Plaintiffs filed a cross-motion for summary judgment on all claims against the Fox Defendants on June 9, 2006. In opposition to Plaintiffs' cross-motion for summary judgment, the Fox Defendants submitted the Declaration of William Fox ("Fox Decl."), sworn to June 27, 2006, which refers to matters outside the pleadings, including letters exchanged between Plaintiffs' representative and William Fox. Since the Fox Defendants and Plaintiffs both rely on matters outside the pleadings and treat their motions as cross-motions for summary judgment, the Court will convert the Fox Defendants' May 10, 2006 motion to dismiss Plaintiffs' Amended Complaint to a motion for summary judgment pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Currently before the Court are Defendant UAS' motion to dismiss Plaintiffs' claims against it, the Fox Defendants' motion for summary judgment on Plaintiffs' claims against them, and Plaintiffs' cross-motion for summary judgment on their claims against the Fox Defendants.

## II. BACKGROUND

Fox Honda is one of several related Fox car dealerships in Auburn, New York. In March 2001, Fox Honda hired Plaintiff Julie Moore. At that time, Plaintiff Julie Moore purchased a health insurance policy known as the Fox Dealerships Group Health Plan ("the Plan") from the Fox Defendants. The Plan names Defendant UAS as the Claims Supervisor. Thereafter, Plaintiff Julie Moore added coverage for Plaintiff William Moore for an additional premium. Plaintiff William Moore worked as a contractor for his business, William R. Moore

Construction.[2]

On June 10, 2003, Plaintiff William Moore was injured while working as a contractor. Defendant UAS denied his claim for medical benefits as an "expense[] resulting from accident or injury (work comp)," relying on a Plan exclusion for "charges incurred in connection with an injury arising out of or in the course of employment for wages or profit." *See* Affidavit of William R. Moore ("Moore Aff."), sworn to June 6, 2006, at Exhibit "C;" Declaration of James R. Grasso, Esq. ("Grasso Decl."), sworn to May 10, 2006, at Exhibit "B" at 48.

### III. DISCUSSION

**A.   Motion to dismiss standard**

On a motion to dismiss, the court must consider only the facts stated on the face of the complaint and construe all well-pleaded factual allegations in the plaintiff's favor. *See Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991) (citations omitted). Dismissal is proper only when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quotation and other citation omitted).

**B.   Summary judgment standard**

---

[2] Plaintiff Julie Moore asserts that she consulted Patrick Breeze, an employee of the Fox Defendants and alleged Plan expert, who specifically advised her that the Plan would cover injuries that Plaintiff William Moore suffered while working as a contractor. Plaintiffs also assert that the Plan covered such injuries on two occasions in June 2001 and summer of 2002.

A court will grant summary judgment when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing the pleadings, affidavits, depositions, and admissions on file, the court must "'resolve all ambiguities and draw all inferences in favor of the non-moving party.'" *Chan v. Gantner*, 464 F.3d 289, 292 (2d Cir. 2006) (quotation omitted).

**C.      Plaintiffs' claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B)**

   *1. Defendant UAS*

The first cause of action in Plaintiffs' Amended Complaint does not clearly state a claim against Defendant UAS. Although Plaintiffs allege that Defendant UAS denied their claim for benefits, the first cause of action only asserts that the Fox Defendants owe benefits. Moreover, Plaintiffs request recovery only from the Fox Defendants for this claim. *See* Amended Complaint at ¶¶ 17-26. In addition, although Plaintiffs respond to the Fox Defendants' arguments concerning their claim for benefits under ERISA, Plaintiffs do not respond to Defendant UAS' arguments seeking dismissal of this cause of action.

Accordingly, the Court grants Defendant UAS' motion to dismiss Plaintiffs' § 1132(a)(1)(B) claim to the extent that it is asserted against Defendant UAS.

   *2. Defendant Fox Honda*

The Fox Defendants assert that Plaintiffs cannot assert their claim for benefits against Fox Honda because it was merely an employer that had designated another entity as the Plan Administrator. Plaintiffs do not respond to this aspect of the Fox Defendants' motion.

Employer liability under § 1132(a)(1)(B) is precluded when the employer has named another entity as the plan administrator in the plan document. *See Crocco v. Xerox Corp.*, 137 F.3d 105, 107-08 (2d Cir. 1998); *Muller v. First Unum Life Ins. Co.*, 23 F. Supp. 2d 231, 235 (N.D.N.Y. 1998) (citation omitted). Furthermore, an employer cannot be held liable as a *de facto* administrator. *See Crocco*, 137 F.3d at 108; *Muller*, 23 F. Supp. 2d at 235 (citation omitted).

In this case, Fox Honda was Plaintiff Julie Moore's employer. However, the Plan states that the six participating Fox dealerships, including Fox Honda, designated Fox Chevrolet, Oldsmobile, Cadillac, Inc. as the Plan Administrator. *See* Grasso Decl. at Exhibit "B" at 52. Therefore, the Court finds that Plaintiffs are precluded from bringing their claim for benefits pursuant to § 1132(a)(1)(B) against Fox Honda. Accordingly, the Court grants the Fox Defendants' motion for summary judgment on Plaintiffs' claim for benefits against Fox Honda.

### 3. *Plaintiffs' claim for benefits against the remaining Fox Defendants*

The Fox Defendants argue that Plaintiffs are precluded from bringing their claim for benefits because they failed to exhaust their administrative remedies. In response, Plaintiffs assert that the Plan does not require an administrative appeal because it uses permissive language and, in any event, that they fulfilled the Plan's exhaustion requirements because their attorney

sent a letter to William Fox within sixty days of their claim's denial. Alternatively, Plaintiffs assert that it would have been futile to exhaust the Plan's review procedures.

### *a. Exhaustion*

There is a "'firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases.'" *See Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 445 (2d Cir. 2006) (quotation omitted). The purposes of the exhaustion requirement are to vest primary decision-making responsibility with ERISA trustees rather than federal courts, provide a sufficient record for judicial review, reduce the number of frivolous lawsuits, provide a nonadversarial method for claims settlement, and minimize the cost of claims settlement. *See id.* (quotation omitted). However, in part because § 1132(a)(1)(B) does not contain a statutory exhaustion requirement, a failure to exhaust ERISA administrative remedies is an affirmative defense rather than a jurisdictional defect. *See id.* at 445-46 (citation omitted).

In a case involving the Federal Employees Health Benefits Act ("FEHBA"), the Second Circuit held that permissive "may" language does not excuse a plaintiff from exhausting administrative remedies. *See Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 593-94 (2d Cir. 1993). More recently, the Second Circuit applied this holding in an unpublished ERISA case, stating that the term "may" in a plan's review procedures does not excuse a plaintiff from the duty to exhaust administrative review. *See Greifenberger v. Hartford Life Ins. Co.*, 131 Fed. Appx. 756, 758 (2d Cir. 2005) (citation omitted).

In this case, Plaintiff cites the Plan's permissive language:

> Whenever a claim has been denied or partly denied, the Employee *may* appeal the denial and have a review. If the Employee or other Participant desires a review of the claim which was denied or partially denied, he or she must make a **written** request for review to the Plan Administrator **within 60 days** after the Employee receives written notice that his claim has been denied, in whole or in part.

*See* Grasso Decl. at Exhibit "B" at 42 (some emphasis added). In turn, the Plan Administrator is listed as follows:

> Fox Chevrolet, Oldsmobile, Cadillac, Inc.
> RD 6 Grant Avenue Road, Auburn, NY 13021
> (315) 258-2000

*See id.* at Exhibit "B" at 52.

Concerning Plaintiffs' assertion that the Plan's permissive language does not require them to exhaust the Plan's review procedures, the Court finds that Plaintiffs were not excused from the exhaustion requirement in accordance with *Kennedy* and *Greifenberger*.

Plaintiffs also contend that they did exhaust the Plan's administrative review processes because their attorney sent a letter requesting reconsideration to William Fox, whom they believed to be an officer of and general counsel for the Fox Defendants. This letter primarily predicts and/or threatens litigation over the denial of Plaintiffs' benefits, details Plaintiffs' legal theories, and closes by requesting that Mr. Fox personally reconsider the denial of benefits. The letter states that Plaintiffs' counsel assumes he has the power to do so. *See* Affidavit of Robert K. Greenough, Jr. ("Greenough Aff."), sworn to June 8, 2006, at Exhibit "A." However, Plaintiffs' counsel did not address or send this letter to the Plan Administrator as set forth in the Plan. To the contrary, Plaintiffs' counsel addressed and sent the letter to Plaintiff Julie Moore's

-8-

employer:

>William Fox, Pres.
>Fox Chrysler, Plymouth, Dodge, Jeep, Inc., d/b/a Fox Honda
>320 Grant Avenue
>Auburn, New York 13021
>
>Re: Julie Moore
>
>Dear Mr. Fox:
>
>Please be advised that the undersigned represents your former employee Julie Moore . . . .

*See id.* Therefore, the Court finds that, even if William Fox were an officer of and/or general counsel for the Fox Defendants, which the Fox Defendants deny, Plaintiffs failed to comply with the Plan's appeal procedure and, consequently, did not exhaust the Plan's administrative review procedures.

### b. Futility

A plaintiff is excused from the exhaustion requirement only when he makes a "'*clear and positive* showing that pursuing the available administrative remedies would be futile.'" *Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130, 133 (2d Cir. 2001) (quotation omitted). To meet this burden, the plaintiff must show that he made an "'unambiguous application for benefits'" and that he received a "'formal or informal administrative decision denying benefits [such that] it is clear that seeking further administrative review of the decision would be futile.'" *Id.* (quoting *Barnett v. IBM Corp.*, 885 F. Supp. 581, 588 (S.D.N.Y. 1995)).

In *Davenport*, the plaintiff was an independent contractor who worked as a graphic artist for Abrams, a publishing company. *See* 249 F.3d at 132. Dissatisfied at not having benefits, she engaged a lawyer to write to the president of Abrams. *See id.* In this letter, the attorney stated that Abrams' failure to provide the plaintiff benefits violated ERISA. *See id.* The letter was passed to the Deputy General Counsel for Times Mirror, the company that owned Abrams, who sent the plaintiff a letter in response advising that "'[i]t is Times Mirror's and Abrams' view that as an independent contractor you were not covered by any of the benefit plans of Abrams. From the correspondence in our file, I understand that you are of a different view." *Id.* The plaintiff contended that this letter was the required denial of coverage and that it indicated the futility of further review. Noting that the plaintiff had also filed no formal application for benefits, the court held that Abrams' letter did not render further pursuit of administrative review futile. *See id.* at 133 (citations omitted).

Here, Plaintiffs' counsel sent a letter to William Fox at Fox Honda but did not notify the Plan Administrator of Plaintiffs' desire to appeal the denial of benefits. In response, William Fox engaged Gary J. Gleba, Esq. of Phillips Lytle LLP to respond. The response to Plaintiffs' counsel began by stating that "[Plaintiff William Moore's] claim for benefits was denied because he was injured in the course of employment for profit," according to the exclusion on page 48 of the Plan. *See* Greenough Aff. at Exhibit "B." The letter then addressed Plaintiffs' legal theories, which included deceptive business practice and detrimental reliance claims. *See id.* It also discussed ERISA preemption. *See id.* However, the letter did not mention Plaintiffs' probability of success in appealing the denial of benefits to the Plan Administrator or otherwise foreclose a written appeal to the Plan Administrator.

Moreover, although Plaintiffs assert that Mr. Gleba's letter foreclosed further appeal by requesting that Plaintiffs' attorney not contact the Plan Administrator, the letter did not make any such request. To the contrary, the letter merely concluded by stating "[i]f you have any questions concerning this letter, please address them to the undersigned." *See id.* Finally, it did not state that it was written on behalf of the Plan Administrator or that it represented the opinion of the Plan Administrator. *See id.* Instead, it merely stated that "William Fox referred your letter of August 14, 2003 regarding the above individual to us for review." *See id.*

The Court finds that the correspondence in this case is similar to that in *Davenport*. In both cases, the plaintiffs' attorney sent a letter to one of the employer's officers alleging ERISA violations. Both employers engaged attorneys to respond, and the responses stated that the plaintiffs were not covered by the applicable plan. In addition, neither the quoted portion of the *Davenport* letter nor the letter in this case foreclosed the possibility of a successful appeal to the plan administrator. Therefore, the Court finds that the futility exception does not apply to Plaintiffs' claim.[3]

Accordingly, the Court grants the Fox Defendants' motion and denies Plaintiffs' cross-

---

[3] Plaintiffs also assert that the Fox Defendants told them that paying Plaintiff William Moore's benefits would be "bad precedent" and "potentially costly." *See* Moore Aff. at ¶ 21. However, they offer only conclusory allegations concerning these statements and do not allege who made these statements or when these statements were made. However, even accepting Plaintiffs' unsupported allegations, the Court finds that they are insufficient to establish the futility of an administrative appeal. Courts have rejected similar allegations in applying the futility exception. *See Barnett v. Int'l Bus. Machs. Corp.*, 885 F. Supp. 581, 587, 587 n.6, 589 (S.D.N.Y. 1995) (footnote omitted) (citing *Schein v. News America Publishing, Inc.*, No. 89 Civ. 0052, 1989 WL 56255 (S.D.N.Y. May 23, 1989)). In *Barnett*, the plaintiff alleged that her managers warned her that her application for benefits would be denied. *See id.* at 587. The court, which also recognized that the plaintiff made no application for benefits, found the plaintiff's allegations insufficient to establish the futility of an administrative appeal. *See id.* at 587, 589.

motion for summary judgment on Plaintiffs' claim for benefits under 29 U.S.C. § 1132(a)(1)(B) because Plaintiffs failed to exhaust the Plan's administrative review procedures and such exhaustion would not have been futile.

### D.     Plaintiffs' ERISA breach-of-fiduciary-duties claims

Plaintiffs argue that the Fox Defendants and Defendant UAS were fiduciaries under ERISA. In addition, they assert that the Fox Defendants presented an expert, Patrick Breeze, who advised them that Plaintiff William Moore would be covered under the Plan if he were injured at a construction job. Finally, Plaintiffs allege that Defendant UAS did not properly train and supervise its employees who interfered with Plaintiffs' ERISA rights by denying their benefits. Therefore, Plaintiffs request that the Court order Defendants to pay all benefits due under the Plan, as well as consequential damages, emotional distress, and other relief. In response, Defendants argue that Plaintiffs are precluded from bringing their breach-of-fiduciary-duties claims because ERISA provides another adequate remedy.

ERISA permits individual suits for equitable relief to remedy a breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3).[4] However, this cause of action is only allowed when § 1132 affords no other means of relief. *See Pronti v. CNA Fin. Corp.*, 353 F. Supp. 2d 320, 324

---

[4] A breach-of-fiduciary-duty cause of action can also be maintained on behalf of the plan pursuant to a parallel provision in 29 U.S.C. § 1132(a)(2). *See Kishter v. Principal Life Ins. Co.*, 186 F. Supp. 2d 438, 442 (S.D.N.Y. 2002) (citing *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140, 105 S. Ct. 3085, 87 L. Ed. 2d 96 (1985)). However, Plaintiffs do not request relief that would injure to the Plan's benefit but instead seek individual recovery. Therefore, they cannot proceed under § 1132(a)(2).

(N.D.N.Y. 2005) (citation omitted). Therefore, when Congress has provided an adequate remedy under another provision of § 1132, such as a claim for benefits, the plaintiff cannot pursue a breach-of-fiduciary-duty claim. *See id.* (quotation and other citations omitted); *Fitch v. Chase Manhattan Bank, N.A.*, 64 F. Supp. 2d 212, 228-29 (W.D.N.Y. 1999) (citing *Varity*, 516 U.S. at 513-14, 116 S. Ct. 1065, for the proposition that plaintiffs should not be allowed to "repackage" ordinary denial of benefits claims by "'dressing them up in 'fiduciary duty' clothing'"). The plaintiff cannot even maintain the breach-of-fiduciary-duty claim in the alternative. *See Pronti*, 353 F. Supp. at 325 (citations omitted); *Tardif v. Gen. Elec. Co.*, No. 498CV1374, 2000 WL 33376644, *7-*8, *10-*11 (D. Conn. Sept. 30, 2000) (finding that the plaintiff's breach-of-fiduciary-duty claim was precluded even though the court had already determined that it was granting the defendants summary judgment on the claim for benefits).

In this case, Congress has provided an adequate remedy by allowing persons in Plaintiffs' position to pursue a claim for benefits pursuant to § 1132(a)(1)(B). Moreover, Plaintiffs are attempting to dress their benefits claim in fiduciary duty clothing by requesting the same relief: unpaid benefits valued at $30,215.55, as well as consequential damages, emotional distress, prejudgment interest, and fees and costs.[5] Accordingly, the Court grants Defendant UAS' motion to dismiss and the Fox Defendants' motion for summary judgment and denies Plaintiffs' cross-motion for summary judgment on Plaintiffs' breach-of-fiduciary-duty claims.[6]

---

[5] In addition, the Court notes that a beneficiary's breach-of-fiduciary-duty claim can only seek equitable relief. *See Pronti*, 353 F. Supp. 2d at 325 n.5 (citing § 1132(a)(3); *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210, 122 S. Ct. 708, 151 L. Ed. 2d 635 (2002); *Lee v. Burkhart*, 991 F.2d 1004, 1011 (2d Cir. 1993)).

[6] Plaintiffs also assert that they have asserted a cause of action for equitable estoppel
(continued...)

## IV. CONCLUSION

Accordingly, after reviewing the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant UAS' motion to dismiss Plaintiffs' claims against it is **GRANTED**; and the Court further

**ORDERS** that the Fox Defendants' motion for summary judgment is **GRANTED** and Plaintiffs' cross-motion for summary judgment is **DENIED** on Plaintiffs' claims against the Fox Defendants; and the Court further

**ORDERS** that the Clerk of the Court enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: March 26, 2007
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[6](...continued)
under § 1132(a)(3) because they have alleged that the Fox Defendants misrepresented that the Plan would cover Plaintiff William Moore if he were injured at his construction job and that the Plan actually covered such injuries on a prior occasion.

Although the Second Circuit has recognized the validity of an equitable estoppel theory in ERISA cases in "extraordinary circumstances," *see Lee v. Burkhart*, 991 F.2d 1004, 1009 (2d Cir. 1993) (citations omitted), Plaintiffs have not cited and the Court cannot find any authority to suggest that assertion of this theory saves an otherwise precluded cause of action brought pursuant to § 1132(a)(3).